UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20616-CR-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DARRYL BURKE and VICKI GARLAND,

    Defendants.
_____/

**ORDER DIRECTING TURNOVER OF FUNDS**
**RECEIVED IN VIOLATION OF PROTECTIVE ORDER**

**THIS CAUSE** is before the Court on the Government's Motion for Turnover or, in the Alternative, for an Order to Show Cause Why Certain Persons Should Not Be Held in Civil Contempt for Failure to Adhere to the Court's Protective Order Dated September 9, 2013, Concerning Rental Proceeds [DE 143]. The Court has considered the evidence and argument presented at hearings conducted on February 28, 2014, and March 17, 2014, the Government's Memorandum of Law as to Duty of Attorney to Investigate the Source of Legal Fees [DE 173], Dedrick D. Straghn Esq.'s Memorandum of Law Regarding Attorney's Knowledge of Forfeiture Protection Order [DE 180], and the Response of Counsel for Defendant Darryl Burke to Government's Memorandum of Law as to Duty of Attorney to Investigate the Source of Legal Fees [DE 181], and is otherwise advised in the premises.

## **FINDINGS OF FACT**

1. Defendants Darryl Burke and Vicki Garland maintained control and beneficiary interest in various trusts including The Common Trust, The King Life Trust, The Justice Trust, The Zambezi Trust, The Depot Trust, and The Exp. Trust.

2. The aforementioned Trusts owned the rental property described in the Forfeiture Count of the Indictment and subject to the Protective Order discussed below.

3. On March 27, 2013, Darryl Burke executed Authorization Agreements for Direct Deposit of Miami-Dade Public Housing Agency rental payments due to the above-described Trusts to the Chase bank account ending in 1250 in the name of Eddie Burke or Ethel M. Burke, 1508 Lake Drive, Delray Beach, Florida 33444-3050.

4. On August 20, 2013, Darryl Burke and Vicki Garland were indicted on charges of Conspiracy to Commit Bank and Wire Fraud and substantive Bank Fraud counts.

5. Darryl Burke was arrested on August 21, 2013.

6. On September 9, 2013, the Court entered the Protective Order to Preserve and Maintain Property Identified for Forfeiture [DE 23]. The Order essentially enjoined each of the Defendants, their attorneys, and their family members from dissipating any rental proceeds from the forfeitable property delineated in the Indictment. In addition, Darryl Burke was ordered "to deposit, on a monthly basis, the rental income from the forfeitable real properties listed in the Schedule of Monthly Payments (Exhibit A) in his attorney's trust account during the pendency of the instant criminal case."

7. After September 3, 2013, the only monies deposited in the Chase Account (1250) were rental proceeds derived from the forfeitable properties.

8. A total of $53,218 in rental proceeds was deposited in the Chase Account (1250) from October 2013 to the present.

9. Darryl Burke knowingly violated the Protective Order by failing to direct that the rental payments be deposited in his attorney's trust account.

10. On September 25, 2013, Humberto Dominguez entered an appearance in the criminal case on behalf of Darryl Burke and agreed to accept service of the Protective Order.

11. Humberto Dominguez was on notice of the Court's Protective Order and its directives as of September 25, 2013.

12. Humberto Dominguez received monies derived from the Chase Account (1250) on at least three occasions: a check dated October 17, 2013, in the amount of $300; $7000 in checks received from Dedrick Straghn sometime after December 3, 2013; and an additional $3000 in cash, also received from Mr. Straghn. These monies were received in violation of the Court's Protective Order as they were rental proceeds deposited in the Chase Account (1250) after the entry of the referenced Order.

13. The Government advised Mr. Dominguez via a November 6, 2013, email that no information regarding the rental income had been provided to the Government and the status was requested. In addition, the Government reminded Mr. Dominguez of his burden "to collect that money since it is being collected by your client and his family." The Government further advised Mr. Dominguez of the Chase Account (1250).

14. Dedrick Straghn was clearly acting in the capacity of an attorney in his dealings with Darryl Burke as they pertain to this case. That legal representation preceded the retention of Mr. Dominguez and continued through the trial.

15. Dedrick Straghn was on constructive notice of this Court's Protective Order from the date of its filing, September 9, 2013.

16.     No rental proceeds were ever deposited in either Mr. Dominguez's trust account or Mr. Straghn's trust account.

17.     Ethel Burke was served with the Protective Order on October 23, 2013.

18.     There was a total of $1209 in withdrawals from the Chase Account (1250) during October 2013 prior to October 23, 2013.

## **CONCLUSIONS OF LAW**

"[W]hen an attorney is objectively on notice that his fees may derive from a pool of frozen assets, he has a duty to make a good faith inquiry into the source of those fees. Failure to make such an inquiry in the face of this duty will result in disgorgement of the funds." FTC v. Assail, Inc., 410 F.3d 256, 265 (5th Cir. 2005). Once the Protective Order was entered on September 9, 2013, the attorneys Straghn and Dominguez had a special duty to inquire as to the source of funds received.

"Appellant was aware that the CFTC had sought an injunction against any transfer of Co Petro assets. As an officer of the court, appellant was under a duty to inquire as to the exact terms of the district court's decision before depositing the check. Consequently, we agree with the district court that Loo, Merideth & McMillan violated the permanent injunction against transfer of Co Petro assets when it deposited the check." CFTC v. Co Petro Mktg. Grp., Inc., 700 F.2d 1279, 1285 (9th Cir. 1983). "[A]n attorney is not permitted to be willfully ignorant of how his fees are paid." FTC v. Network Servs. Depot, Inc., 617 F.3d 1127, 1144 (9th Cir. 2010).

The critical factor here is the Protective Order itself, which placed an affirmative duty on Mr. Burke's attorneys not only to refrain from dissipating the rental proceeds, but to maintain the rental income in the "attorney's trust account during the pendency of

4

the instant criminal case." See DE 23. The evidence clearly shows that Mr. Dominguez had actual knowledge of the Protective Order as of September 25, 2013, and Mr. Straghn had constructive knowledge as of the date of its entry, September 9, 2013. The inquiry made by Mr. Dominguez and Mr. Straghn fell woefully short of that required by law. "Once on notice, [the defense attorney] needed to do far more than simply take his client at his word that the fees were not tainted in order to make a reasonable claim for fees. Trusting [his client's] truthfulness unconditionally was especially unreasonable considering that he was accused of fraud, an allegation going directly to honesty." Assail, Inc., 410 F.3d at 266.

Accordingly, it is thereupon

**ORDERED AND ADJUDGED** that the Government's Motion for Turnover or, in the Alternative, for an Order to Show Cause Why Certain Persons Should Not Be Held in Civil Contempt for Failure to Adhere to the Court's Protective Order Dated September 9, 2013, Concerning Rental Proceeds [DE 143] is hereby **GRANTED in part** and **DEFERRED in part**.

1. Darryl Burke is ordered to deposit the sum of $53,218 in the Court's registry forthwith.

2. Ethel Burke is ordered to deposit the sum of $52,009 in the Court's registry forthwith. Ethel Burke is jointly and severally liable for payment of said sum with Darryl Burke.

3. Dedrick Straghn is ordered to deposit the sum of $11,000 in the Court's registry forthwith. Dedrick Straghn is jointly and severally liable for payment of said sum with Darryl Burke and Ethel Burke.

4. Humberto Dominguez is ordered to deposit the sum of $10,300 in the Court's registry forthwith. Humberto Dominguez is jointly and severally liable for payment of said sum with Darryl Burke, Ethel Burke, and Dedrick Straghn.

5. Should any individual required by this Order fail to adhere to the directives hereinabove, the Court will at that time enter an order to show cause why a finding of contempt should not follow.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of April, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF